# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

LEMAR WILLIAM HOWZE,

               Petitioner,

v.

SHERIFF CHRISTY KNOWLES,

               Respondent.

Case No. 26-CV-991-JPS

**ORDER**

## 1.    INTRODUCTION

Petitioner Lemar William Howze ("Howze"), who is currently in custody at the Ozaukee County Justice Center, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. Howze asserts that the Bureau of Prisons incorrectly calculated the length of his sentence, violating his constitutional rights. *Id.* at 2.[1] This Order screens Howze's petition and finds that it must be dismissed without prejudice for his failure to exhaust.

## 2.    SCREENING STANDARD

The Court applies the Rules Governing Section 2254 Cases to petitions for release from custody brought under 28 U.S.C. § 2241. *See* Rule 1(b), Rules Governing Section 2254 Proceedings; CIV. L.R. 9(a)(2). Rule 4 of the Rules Governing Section 2254 Cases requires the Court to conduct a screening or "preliminary review" of the habeas petition. At the screening

---

[1]Howze did not name a respondent in his petition. *See* ECF No. 1. The Court will direct the Clerk of Court to replace Respondent "Unknown" with "Sheriff Christy Knowles," who serves as the physical custodian over the Ozaukee County Jail where Howze is currently confined. *Staff Directory*, Ozaukee County https://www.ozaukeecounty.gov/directory.aspx?EID=138 (last visited July 29, 2026). *See* 28 U.S.C. § 2242; Rule 2(a), Rules Governing Section 2254 Proceedings.

stage, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition . . . ." Rule 4, Rules Governing Section 2254 Proceedings. The Court accepts as true the petitioner's well-pleaded factual allegations, *Gibson v. Puckett*, 82 F. Supp. 2d 992, 993 (E.D. Wis. 2000) (citing *Hosp. Bldg. Co. v. Trs. of Rex Hosp.*, 425 U.S. 738, 740 (1976)), but not his legal conclusions. *See Rosas v. Bd. of Educ. of City of Chicago*, 652 F. Supp. 3d 951, 960 (N.D. Ill. 2023) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).

Under Rule 4, the Court analyzes preliminary obstacles to review, including whether the petitioner has complied with the statute of limitations, exhausted available state remedies, avoided procedural default, and set forth non-frivolous claims that are cognizable in a habeas petition. If those issues do not preclude a merits review of the claims, the Court directs the respondent—the individual in charge of the institution where the petitioner is currently held, *see* Rule 2(a), Rules Governing Section 2254 Proceedings—to respond to the petition. If any of those issues do preclude a merits review, however, the Court will dismiss the petition.

3.    **RELEVANT FACTS**

In November 2024, Howze pled guilty and was formally convicted of distributing a controlled substance. *United States v. Lemar William Howze*, 22-CR-133-4-LA, ECF Nos. 206 and 207 (E.D. Wis. Nov. 20, 2024) ("Federal Case"). On February 28, 2025, Howze was sentenced in the Eastern District of Wisconsin. ECF No. 1 at 1; Federal Case, ECF No. 243. Howze alleges that he was sentenced to "time served," and his sentence in the Federal Case "was to be run concurrent with [a] state case" in which Howze had presumably already been convicted and sentenced. ECF No. 1 at 2. The judgment in Howze's Federal Case reveals that Howze was sentenced to a

term of thirty months' imprisonment, to run concurrently with his sentence in Milwaukee County Case No. 22-CF-993, and to three years' supervised release. Federal Case, ECF No. 243 at 2–3.

Howze indicated in his petition that he appealed the relevant decision, filed a grievance, or sought an administrative remedy. ECF No. 1 at 2. However, Howze did provided no information pertaining to any related appeal, grievance, or administrative process. *See generally id.* Instead, Howze wrote only that the "[t]ime was not accurately counted for. Judge sent letter back and told [me] to file this form." *Id.* at 2. Howze provide no additional details or grounds for his petition. *See generally id.* For relief, Howze asks for the Bureau of Prisons ("BOP") "to look over the time that has been served." *Id.* at 7.

**4.     ANALYSIS**

Habeas petitions under § 2241 are subject to a common-law exhaustion rule. *Duke v. Warden, FCI Greenville*, No. 3:26-CV-89-NJR, 2026 WL 1179331, at *2 (S.D. Ill. Apr. 30, 2026) (citing *Richmond v. Scibana*, 387 F.3d 602, 604 (7th Cir. 2004) and *Vieth v. Williams*, No. 21-cv-170, 2021 WL 5177567, at *3 (S.D. Ill. Nov. 8, 2021)). This means that a § 2241 habeas petitioner must exhaust administrative remedies prior to seeking relief in federal court. *Staley v. Wallace*, No. 07-C-179, 2007 WL 709781, at *1 (E.D. Wis. Mar. 5, 2007) (citing *Brown v. Ashcroft*, 41 F. App'x 873, 874–75 (7th Cir. 2002)).

"A district court has no power to give credit for time served; that authority rests solely with the BOP." *Kane v. Zuercher*, 344 F. App'x 267, 268 (7th Cir. 2009) (citing *United States v. Wilson*, 503 U.S. 329, 334–35 (1992); *United States v. McGee*, 60 F.3d 1266, 1272 (7th Cir. 1995); and *United States v. Pardue*, 363 F.3d 695, 699 (8th Cir. 2004)). A district court may, however,

review "the BOP's ruling on an inmate's request for presentence credit." *Id.* at 269 (citing *United States v. Koller*, 956 F.2d 1408, 1417 (7th Cir. 1992) and *Rogers v. United States*, 180 F.3d 349, 358 (1st Cir. 1999)). That problem must be raised with the BOP in the first instance. *Id.*; *Ihmoud v. Jett*, 272 F. App'x 525, 526 (7th Cir. 2008) (citing *Scibana*, 387 F.3d at 604; *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004); and *McGhee v. Clark*, 166 F.3d 884, 887 (7th Cir. 1999)).

The BOP's Administrative Remedy Program allows a prisoner to seek review of an issue related to his confinement. *See* 28 C.F.R. §§ 542.13, 542.14, 542.15. This process "is comprised of one informal and three formal steps" that a prisoner takes in advancing steps (each step being necessary only if the prisoner is displeased with the result of the prior step). *Hicks v. Wicks*, No. 3:25-CV-1368-MAB, 2026 WL 1251578, at *2 (S.D. Ill. May 7, 2026) (citing 28 C.F.R. §§ 542.10–542.19). "First, the [prisoner] must attempt to informally resolve the issue . . . ." *Id.* (citation omitted). Second, the prisoner starts the formal process by "filing a Request for Administrative Remedy (BP-9 form) at the institution where the inmate is incarcerated . . . ." *Id.* (citation omitted). Third, the prisoner "may appeal [the institutional] response by filing a Regional Administrative Remedy Appeal (BP-10 form) with the regional office . . . ." *Id.* (citation omitted). Fourth, the prisoner "may file a final appeal (BP-11 form) with the Central Office . . . ." *Id.* (citation omitted).

A habeas petitioner's failure to exhaust this administrative process can be excused "if the administrative remedy process was rendered unavailable by prison officials." *Id.* (citing *Fazzini v. Ne. Ohio Corr. Ctr.*, 473 F.3d 229, 236 (6th Cir. 2006); *Schmanke v. Irvins*, 207 F. App'x 655, 657 (7th Cir. 2006)). Failure to exhaust is also excusable if "exhaustion would be

either futile or result in irreparable harm," but this standard is difficult to meet. *Id.* (citing *Gonzalez v. O'Connell,* 355 F.3d 1010, 1016 (7th Cir. 2004)).

"Although exhaustion of remedies is typically an affirmative defense waivable by the respondent, in [the § 2241] context it is a prerequisite." *Staley*, 2007 WL 709781, at *1 (citing *Brown*, 41 F. App'x at 874–75); *see also Luedtke v. Acting Warden, FCI Greenville*, No. 25-CV-01662-SPM, 2026 WL 41125, at *3 (S.D. Ill. Jan. 7, 2026) ("[E]xhaustion of administrative remedies is *required* for claims brought under § 2241 in the Seventh Circuit. . . . [A] Court [is thus] entirely within its discretion to deny [a] [p]etition at [the screening] stage if it appears that exhaustion has not been satisfied." (citing *Ihmoud*, 272 F. App'x at 526 and *Greene v. Meese*, 875 F.2d 639, 641 (7th Cir. 1989))).

The Court has no reason to believe that Howze exhausted the BOP's administrative process here. Rather, the record suggests that Howze skipped the BOP's process and instead wrote a letter to the sentencing judge. *See* ECF No. 1. Howze has not argued that his failure to exhaust should be excused here, nor has he provided any allegations that would support such a finding. *See generally id.* As such, Howze's petition must be dismissed without prejudice for his failure to exhaust administrative remedies.

Howze also did not name a respondent in his petition. *See* ECF No. 1. Should Howze file a habeas petition in the future, he should name as the respondent "the person who has custody over him," ordinarily the warden of the institution where a prisoner is currently incarcerated. 28 U.S.C. § 2242; Rule 2(a), Rules Governing Section 2254 Proceedings.

**5.  CONCLUSION**

For the reasons stated above, the Court will deny Howze's § 2241 petition and dismiss this action without prejudice for his failure to exhaust administrative remedies.

Under Rule 11(a) of the Rules Governing Section 2254 Cases, which can be applied to § 2241 petitions by operation of Rule 1(b) of the same, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To obtain a certificate of appealability under 28 U.S.C. § 2253(c)(2), the petitioner must make a "substantial showing of the denial of a constitutional right." "A petitioner makes a 'substantial showing where reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.'" *Sandoval v. United States*, 574 F.3d 847, 852 (7th Cir. 2009) (quoting *Arredondo v. Huibregtse,* 542 F.3d 1155, 1165 (7th Cir. 2008)). The law surrounding administrative exhaustion is sufficiently clear such that reasonable jurists could not debate its application to the facts herein. The Court will therefore deny Howze a certificate of appealability.

Accordingly,

**IT IS ORDERED** that Petitioner Lemar William Howze's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ECF No. 1, be and the same is hereby **DENIED without prejudice**;

**IT IS FURTHER ORDERED** that a certificate of appealability be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that the Clerk of Court replace Respondent "Unknown" with "Sheriff Christy Knowles"; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED without prejudice** for Petitioner's failure to exhaust administrative remedies.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 29th day of July, 2026.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge

This Order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **thirty (30)** days of the entry of judgment. See Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). Moreover, under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **twenty-eight (28)** days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The Court cannot extend this deadline. *See id.* A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.